J. CHARLES COONS, ESQ.
Nevada Bar No. 10553
ccoons@righthaven.com
*Assistant General Counsel at Righthaven*
JOSEPH C. CHU, ESQ.
Nevada Bar No. 11082
jchu@righthaven.com
*Staff Attorney at Righthaven*
Righthaven LLC
9960 West Cheyenne Avenue, Suite 210
Las Vegas, Nevada 89129-7701
(702) 527-5900
*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| RIGHTHAVEN LLC, a Nevada limited-liability company,<br><br>Plaintiff,<br><br>v.<br><br>TRAUMA INTERVENTION PROGRAM OF SOUTHERN NEVADA, INC., a not-for-profit Nevada corporation; and GREGORY ROBINSON, an individual,<br><br>Defendants. | Case No.: 2:10-cv-01512<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

Righthaven LLC ("Righthaven") complains as follows against Trauma Intervention Program of Southern Nevada, Inc. ("TIP of Southern Nevada"), and Gregory Robinson ("Mr. Robinson"; collectively with TIP of Southern Nevada known herein as the "Defendants"), on information and belief:

## NATURE OF ACTION

1.      This is an action for copyright infringement pursuant to 17 U.S.C. § 501.

1

**PARTIES**

2.      Righthaven is, and has been at all times relevant to this lawsuit, a Nevada limited-liability company with its principal place of business in Nevada.

3.      Righthaven is, and has been at all times relevant to this lawsuit, in good standing with the Nevada Secretary of State.

4.      TIP of Southern Nevada is, and has been at all times relevant to this lawsuit, a not-for-profit Nevada corporation.

5.      Mr. Robinson is, and has been at all times relevant to this lawsuit, a resident of Nevada.

6.      Mr. Robinson is, and has been at all times relevant to this lawsuit, identified by the current registrar, GoDaddy.com, Inc. ("GoDaddy"), as the registrant, administrative contact and technical contact for the Internet domain found at <tipoflasvegas.org> (the "Domain"; the content accessible through the Domain and the Domain itself known herein as the "Website").

7.      TIP of Southern Nevada is, and has been at all times relevant to this lawsuit, the self-proclaimed owner of the copyright(s) in the work(s) posted as part of the content accessible through the Domain, as evidenced by a copyright notice displayed on the Website: "© Copyright 2007. TIP of Southern Nevada, Inc.  All rights reserved."

**JURISDICTION**

8.      This Court has original subject matter jurisdiction over this copyright infringement action pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a).

9.      Righthaven is the owner of the copyright in the literary work entitled: "Grief-stricken receive emotional first aid" (the "Work"), attached hereto as Exhibit 1.

10.     At all times relevant to this lawsuit, the Work has depicted and depicts the original source publication as the Las Vegas *Review-Journal*.

11.     The Defendants willfully copied, on an unauthorized basis, the Work from a source emanating from Nevada.

2

12.     On or about February 15, 2010, the Defendants displayed, and continue to display, an unauthorized reproduction of the Work (the "Infringement"), attached hereto as Exhibit 2, on the Website.

13.     At all times relevant to this lawsuit, the Infringement has depicted and depicts the original source publication as the Las Vegas *Review-Journal*.

14.     At all times relevant to this lawsuit, the Defendants knew that the Work was originally published in the Las Vegas *Review-Journal*.

15.     At all times relevant to this lawsuit, the Defendants knew that the Infringement was and is of specific interest to Nevada residents.

16.     The Defendants' display of the Infringement was and is purposefully directed at Nevada residents.

17.     The Defendants willfully copied, on an unauthorized basis, the literary work entitled: "Trauma volunteers help people in times of crisis" (the "Trauma Volunteers Article"), attached hereto as Exhibit 3, from a source emanating from Nevada.

18.     On or about September 9, 1997, the Defendants displayed, and continue to display, the Trauma Volunteers Article on the Website.

19.     The Defendants' display of the Trauma Volunteers Article was and is purposefully directed at Nevada residents.

20.     The Defendants willfully copied, on an unauthorized basis, the literary work entitled: "Bringing Comfort" (the "Bringing Comfort Article"), attached hereto as Exhibit 4, from a source emanating from Nevada.

21.     On or about September 30, 1999, the Defendants displayed, and continue to display, the Bringing Comfort Article on the Website.

22.     The Defendants' display of the Bringing Comfort Article was and is purposefully directed at Nevada residents.

23.     The Defendants willfully copied, on an unauthorized basis, the literary work entitled: "Five killed in head-on collision on Route 160" (the "Collision Article"), attached hereto as Exhibit 5, from a source emanating from Nevada.

24.     On or about June 26, 2000, the Defendants displayed, and continue to display, the Collision Article on the Website.

25.     The Defendants' display of the Collision Article was and is purposefully directed at Nevada residents.

26.     The Defendants willfully copied, on an unauthorized basis, the literary work entitled: "Las Vegas boy, 5, safe after parents die in murder suicide" (the "Las Vegas Boy Article"), attached hereto as Exhibit 6, from a source emanating from Nevada.

27.     On or about August 15, 2002, the Defendants displayed, and continue to display, the Las Vegas Boy Article on the Website.

28.     The Defendants' display of the Las Vegas Boy Article was and is purposefully directed at Nevada residents.

29.     The Defendants willfully copied, on an unauthorized basis, the literary work entitled: "3-year-old stabbing victim's funeral today" (the "Stabbing Victim Article"), attached hereto as Exhibit 7, from a source emanating from Nevada.

30.     On or about January 28, 2003, the Defendants displayed, and continue to display, the Stabbing Victim Article on the Website.

31.     The Defendants' display of the Stabbing Victim Article was and is purposefully directed at Nevada residents.

32.     The Defendants willfully copied, on an unauthorized basis, the literary work entitled: "Volunteers bring emotional first aid" (the "Emotional Aid Article"), attached hereto as Exhibit 8, from a source emanating from Nevada.

33.     On or about July 26, 2003, the Defendants displayed, and continue to display, the Emotional Aid Article on the Website.

34.     The Defendants' display of the Emotional Aid Article was and is purposefully directed at Nevada residents.

35.     The Defendants willfully copied, on an unauthorized basis, a substantial and significant portion of the literary work entitled: "ROAD WARRIOR Q&A: TIPs, School Buses

and Kids" (the "Road Warrior Article"), attached hereto as Exhibit 9, from a source emanating from Nevada.

36.    The Defendants replaced the original title of the Road Warrior Article with a new title: "Trauma Intervention Program offers help to all victims."

37.    On or about December 3, 2003, the Defendants displayed, and continue to display, the Road Warrior Article on the Website.

38.    The Defendants' display of the Road Warrior Article was and is purposefully directed at Nevada residents.

39.    The Defendants willfully copied, on an unauthorized basis, the literary work entitled: "Boy's death second for driver" (the "Driver Article"), attached hereto as Exhibit 10, from a source emanating from Nevada.

40.    On or about December 12, 2003, the Defendants displayed, and continue to display, the Driver Article on the Website.

41.    The Defendants' display of the Driver Article was and is purposefully directed at Nevada residents.

42.    The Defendants willfully copied, on an unauthorized basis, the literary work entitled: "Volunteers offer comfort to those hit by tragedy" (the "Tragedy Article"), attached hereto as Exhibit 11, from a source emanating from Nevada.

43.    On or about February 29, 2004, the Defendants displayed, and continue to display, the Tragedy Article on the Website.

44.    The Defendants' display of the Tragedy Article was and is purposefully directed at Nevada residents.

45.    The Defendants willfully copied, on an unauthorized basis, the literary work entitled: "Dinner to toast emergency personnel" (the "Emergency Personnel Article"), attached hereto as Exhibit 12, from a source emanating from Nevada.

46.    On or about November 9, 2004, the Defendants displayed, and continue to display, the Emergency Personnel Article on the Website.

47.     The Defendants' display of the Emergency Personnel Article was and is purposefully directed at Nevada residents.

48.     The Defendants willfully copied, on an unauthorized basis, the literary work entitled: "Police say girl, 2, dies after mom backs over her with minivan" (the "Minivan Article"), attached hereto as Exhibit 13, from a source emanating from Nevada.

49.     On or about April 1, 2005, the Defendants displayed, and continue to display, the Minivan Article on the Website.

50.     The Defendants' display of the Minivan Article was and is purposefully directed at Nevada residents.

51.     The Defendants willfully copied, on an unauthorized basis, the literary work entitled: "THE R-J GOES TO A PARTY: Heroes with Heart" (the "Party Article"), attached hereto as Exhibit 14, from a source emanating from Nevada.

52.     On or about March 13, 2008, the Defendants displayed, and continue to display, the Party Article on the Website.

53.     The Defendants' display of the Party Article was and is purposefully directed at Nevada residents.

## **VENUE**

54.     The United States District Court for the District of Nevada is an appropriate venue, pursuant to 28 U.S.C. § 1391(b)(1), because Mr. Robinson is a resident of Nevada.

55.     The United States District Court for the District of Nevada is an appropriate venue, pursuant to 28 U.S.C. § 1391(b)(2), because a substantial part of the events giving rise to the claim for relief are situated in Nevada.

56.     The United States District Court for the District of Nevada is an appropriate venue, pursuant to 28 U.S.C. § 1391(c), because TIP of Southern Nevavda is subject to personal jurisdiction in Nevada.

57.     The United States District Court for the District of Nevada is an appropriate venue, pursuant to 28 U.S.C. § 1400(a), because the Defendants are subject to personal jurisdiction in Nevada.

## FACTS

58.     The Work constitutes copyrightable subject matter, pursuant to 17 U.S.C. § 102(a)(1).

59.     Righthaven is the owner of the copyright in and to the Work.

60.     The Work was originally published on February 15, 2010.

61.     On May 12, 2010, the United State Copyright Office (the "USCO") received Righthaven's official submittal for the registration of the Work including the application, the deposit copy, and the registration fee (the "Complete Application"), Service Request No. 1-398846950, attached hereto as Exhibit 15.

62.     On or about February 15, 2010, the Defendants displayed, and continue to display, the Infringement on the Website.

63.     The Defendants did not seek permission, in any manner, to reproduce, display, or otherwise exploit the Work.

64.     The Defendants were not granted permission, in any manner, to reproduce, display, or otherwise exploit the Work.

## CLAIM FOR RELIEF: COPYRIGHT INFRINGEMENT

65.     Righthaven repeats and realleges the allegations set forth in Paragraphs 1 through 64 above.

66.     Righthaven holds the exclusive right to reproduce the Work, pursuant to 17 U.S.C. § 106(1).

67.     Righthaven holds the exclusive right to prepare derivative works based upon the Work, pursuant to 17 U.S.C. § 106(2).

68.     Righthaven holds the exclusive right to distribute copies of the Work, pursuant to 17 U.S.C. § 106(3).

69.     Righthaven holds the exclusive right to publicly display the Work, pursuant to 17 U.S.C. § 106(5).

70.     The Defendants reproduced the Work in derogation of Righthaven's exclusive rights under 17 U.S.C. § 106(1).

71.     The Defendants created an unauthorized derivative of the Work in derogation of Righthaven's exclusive rights under 17 U.S.C. § 106(2).

72.     The Defendants distributed, and continue to distribute, an unauthorized reproduction of the Work on the Website, in derogation of Righthaven's exclusive rights under 17 U.S.C. § 106(3).

73.     The Defendants publicly displayed, and continue to publicly display, an unauthorized reproduction of the Work on the Website, in derogation of Righthaven's exclusive rights under 17 U.S.C. § 106(5).

74.     TIP of Southern Nevada has willfully engaged in the copyright infringement of the Work.

75.     Mr. Robinson has willfully engaged in the copyright infringement of the Work.

76.     The Defendants' acts as alleged herein, and the ongoing direct results of those acts, have caused and will continue to cause irreparable harm to Righthaven in an amount Righthaven cannot ascertain, leaving Righthaven with no adequate remedy at law.

77.     Unless the Defendants are preliminarily and permanently enjoined from further infringement of the Work, Righthaven will be irreparably harmed, and Righthaven is thus entitled to preliminary and permanent injunctive relief against further infringement by the Defendants of the Work, pursuant to 17 U.S.C. § 502.

**PRAYER FOR RELIEF**

Righthaven requests that this Court grant Righthaven's claim for relief herein as follows:

1.      Preliminarily and permanently enjoin and restrain the Defendants, and the Defendants' officers, agents, servants, employees, attorneys, parents, subsidiaries, related companies, partners, and all persons acting for, by, with, through, or under the Defendants, from directly or indirectly infringing the Work by reproducing the Work, preparing derivative works based on the Work, distributing the Work to the public, and/or displaying the Work, or ordering, directing, participating in, or assisting in any such activity;

2.      Direct the Defendants to preserve, retain, and deliver to Righthaven in hard copies or electronic copies:

        a.      All evidence and documentation relating in any way to the Defendants' use of the Work, in any form, including, without limitation, all such evidence and documentation relating to the Website;

        b.      All evidence and documentation relating to the names and addresses (whether electronic mail addresses or otherwise) of any person with whom the Defendants have communicated regarding the Defendants' use of the Work; and

        c.      All financial evidence and documentation relating to the Defendants' use of the Work;

3.      Direct GoDaddy and any successor domain name registrar for the Domain to lock the Domain and transfer control of the Domain to Righthaven;

4.      Award Righthaven statutory damages for the willful infringement of the Work, pursuant to 17 U.S.C. § 504(c);

5.      Award Righthaven costs, disbursements, and attorneys' fees incurred by Righthaven in bringing this action, pursuant to 17 U.S.C. § 505;

6.      Award Righthaven pre- and post-judgment interest in accordance with applicable law; and

7.      Grant Righthaven such other relief as this Court deems appropriate.

## **DEMAND FOR JURY TRIAL**

Righthaven requests a trial by jury pursuant to Fed. R. Civ. P. 38.

Dated this third day of September, 2010.

RIGHTHAVEN LLC


By: /s/ J. Charles Coons_____
J. CHARLES COONS, ESQ.
Nevada Bar No. 10553
JOSEPH C. CHU, ESQ.
Nevada Bar No. 11082
9960 West Cheyenne Avenue, Suite 210
Las Vegas, Nevada 89129-7701
Attorneys for Plaintiff